Good morning, Your Honors, and may it please the Court, Michael Sussman appearing for action. This matter was before the Court last year, late 2016, and this Court remanded with regard to one issue, and that issue had to do with the reinstatement of my client to a toll list managed by the village of Wappinger Falls. The District Court then ruled, which we believe was contrary to this Court's determination, as a matter of law again, without getting into the detailed facts of whether there should or shouldn't be reinstatement, that as a matter of law my client had no right to be reinstated. Initially, as I'm sure you recall, some of you were on that panel, the decision turned on retrospective versus prospective relief. This Court agreed with our position at that time that what we were seeking was permissible prospective relief, not retrospective relief, which was deemed impermissible. However, when we went back and briefed the issue, the Court now determined that our client essentially, to summarize, didn't have a right, private right, to that relief, which we believe undercuts both the supremacy clause and declaratory judgment provision, which would predicate exactly such relief in this case and is well tailored to do that. I understand that you have prevailed, and you therefore have an injunction that prevents the town from enforcing the provision, the discriminatory provision that you objected to, and you seek reinstatement. I'm not sure it's reinstatement. It's instatement. You haven't applied. If you apply, what makes you think that the town is going to commit contempt? There's ongoing hostility between the parties, which is one thing that leads me to believe that. There's extant litigation in state court with regard to related issues. There's been a history of animosity between the parties, and more importantly, as a legal matter, I believe that from Swan and Milliken v. Bradley and other cases which explicate the equitable authority of a court, a remedy is to be tailored to the violation. Here the violation which occurred was that my client was thrown off a list impermissibly. The appropriate remedy in that situation... That's because both companies had joint ownership, right? Both companies were operating out of the same building. The joint ownership is somewhat related. Out of the same building. What is the ordinance that has been found to be preempted by federal law? The preemptive requirement... Joint ownership or joint premises? Premises. And that's requirement four in the statute. The point I'm making is very simple. There was no basis for this gentleman to be banished from the list other than the violation by this village of the provision of 49 U.S.C. 12150C1. There was no other asserted reason. And in that context, reinstatement is the proper and appropriate remedy. When the court talks about reapplication or application, depending on how you view it, since he obviously had applied initially and gotten on the list, what I think the court is doing in a way is denuding, respectfully, the federal courts of the authority to remedy an adjudicated violation. There is a violation here. The Supremacy Clause doesn't action. Your cause of action or your right to bring this original action on the Supremacy Clause, it seems to me, only gives you the right to have a court adjudicate whether, using preemption, which is obviously what you did, whether the errant ordinance is preempted. And you got that. But now the problem, back to Judge Jacobs' question, it seems to me, is your client has not applied, now that he's won the preemption argument, has not applied to be reinstated. So what is his injury? See, I think that if you were to take that position and try to generalize that position, and I know from the last case that's an interest of any appellate court and it ought to be, it denudes the court of its rightful authority. The issue is not whether the student who is denied admission to a school based on race reapplies to that school. That's not the issue. The issue is what is the appropriate remedy for the violation. And there is... The student who was denied admission based on race has not brought his action against the defendant pursuant to the Supremacy Clause. You've got your Supremacy Clause remedy. But now what you're trying to do is get the federal court to give your client, to do something for your client. Does your client have a... I don't think so. Well, I do. So maybe we ought to try to argue... Sorry, answer my question. I'm trying. I'm answering your questions. When you say do something... Yeah, like apply for relief. Sorry, excuse me. Apply to be reinstated or apply to be on the list again. But it's not a question. First of all, when you say apply to be on the list again, that really is not the issue. The issue is he was thrown off the list impermissibly. That's what's been determined. And the question is what is the... What's been determined is that the ordinance is preempted by the federal statute. And the ordinance... And the ordinance is what caused him to be thrown off the list. Right. So it is logical to assume that the... And it is true in this record. The only reason he was thrown off the list was because of the operation of an impermissible ordinance. Because there's an equitable remedy available to him, which simply puts him in the same place he would have been in had that not occurred. What is the source of the equitable remedy? The source of the equitable remedy is both the Declaratory Injunction Act and the Supremacy Clause. Both of them state... The Supremacy Clause is not the source of a remedy. I don't agree. It is because the purpose of the clause is to ensure that the right, which is here a right from the statute... See, the statute is the underlying issue. And just let me explain it for a moment. The statute has certain purposes. Here, deregulation, which were already found and have never been appealed. It's clear why this would be the appropriate remedy. Why it would be appropriate is to put the situation with regard to that towing list back in the position which Congress intended. The only way to do that is to put him back on the list. If you don't put him back... Congress didn't intend anything with respect to your client, respectfully. Congress intended to write a statute which preempted other statutes or ordinances and statutes that were contrary to it. But by the contrary statute, which we agree is a contrary statute, by dint of its application, my client was the person who was disadvantaged. He is the person who, therefore, needs to be made whole in order to allow the statute to have its meaning. It doesn't have a... Sorry, Your Honor. A technical Eleventh Amendment question. For prospective injunctive relief, which is what you're seeking now after the prior decision, you typically see the defendants named in their official capacities. In the complaint in this case, they're all named individually, like in most 1983 actions. But how do we order prospective injunctive relief if it's just they being named in their individual capacities? Well, I believe that the way to do that is that individually one of the defendants at least controls the list. So if he were ordered to put my client back on the list, that would be a sufficient way to do it. He does control the list. Individually, he controls the list. Not as a private citizen, he doesn't. Only by virtue of the fact that he's an official. That's true. I have a question about the premise of your argument. Okay. The ordinance that requires, that prevents two towing companies to be in the same premises, that was passed after your client action tow company was thrown off, correct? A second version was passed. There was a version. There were two different versions. There were two different statutes. Right. There was a, I don't think there was even a statute. I think your client was initially, action, was initially, all tow, action, was initially thrown off the list because it was, it had common ownership with all tow. And then after that, an ordinance was passed saying that you couldn't have two tow companies at the same premises. That is the ordinance. That is the ordinance, which was passed after your client was thrown off the list that was found to be preempted. All tow is not on the list to the extent that that makes things relevant in terms of the question you're asking. So all tow is not on the current list. So even if there was another predicate. Well, now we're, now we're, this is going to be wheels within wheels. Okay. But I'm just asking you if it is not, let me refine my question. Is it not true that the ordinance found to be preempted was adopted by the town after the, after your client was thrown off the list? Yes, I think that is true. So why don't you, so, and, and. But I think that, but I think the presence of that ordinance is what prevented my client, the reapplication you spoke about is that's what prevented that. That may have prevented it, but now it's enjoined. Okay, understood. The enforcement. Okay, thank you. May it please the court, Monty Eppinger for the appellees in this particular case. And just right to the essence of what's been asked right here. I believe what we see is a conflation between preemption and injunction. And I think that the appellant's arguments are really trying to make it seem as if that just because you have preemption, therefore that somehow then precludes the ability of us to refuse injunctive relief under the circumstances in order to place this particular entity back on the list. And the law is quite clear about this. There is a very vast distinction between these. In fact, the courts have very specifically held that a claim under the supremacy clause, that a federal law preempts a state regulation, is distinct from a claim for enforcement. And that enforcement is exactly what the appellant in this particular case is looking for. According to the U.S. Supreme Court in Armstrong, respondents contend that our preemption jurisdiction, specifically the fact that we have regularly considered whether to enjoin the enforcement of the state laws that are allowed to violate federal law, demonstrates that the supremacy clause creates a cause of action for its violation, therefore reinstatement. That's not the way that this works. We have here a power of the court. I'm not saying that the district court doesn't have its power. Obviously, that power does not, however, derive. It's a discretionary power. Precisely the case. And that discretionary authority comes from principles of equity, because the court has the opportunity there to weigh all of the balance of justice and interest. Now, is it true that part of the decision-making process was adopted afterwards with regard to that section 4? Well, yes, it's true, exactly as was stated. So the decision-making process to prevent them from being on the list then was not part of the issue that had been in place. But it was the towing company was thrown off the list for a very closely related reason. I'm not disagreeing with that. And that was the issue of common ownership. Let's not disagree with that. Where's the principles of equity that say it's perfectly okay for the district court to order a community to stop doing something but not to do something? Where is that in equity jurisprudence where that line has been drawn? There's some Supreme Court cases that go the other way, too, to remedy ongoing violations of constitutional rights. Why is it it's very clear you can stop a town from doing something under the equity powers of the court through the supremacy clause even without an underlying clause of action, but you can't tell it to do something? Where does that come from? Well, what I think that comes from is the understanding that, and I'm going to go to a U.S. Supreme Court case for that. What I will say from as far back as 1908, I believe that in order to be entitled to equity, one must do equity. And I believe that the lower court, district court, in its discretionary authority must apply equity because we're talking about equitable relief here. This really is an essential equitable relief with regard to whether or not an injunction, a prospective injunction, should be applied. The court can consider many different factors in that regard, especially one that we were discussing very earlier in our conversation with action. And that is here's an entity that even after it was taken off the list and even after it then was found that there was a preemption, still hasn't applied to make itself back on the list. And what kind of equity shall we be supporting? In other words, a party that conducts itself in that manner. But Mr. Sussman's point in all of this, or one of his points in all of this, is his client got kicked off the list because the town used a, had an ordinance that was preempted. And so he never should have been kicked off the list in the first instance. And all he wants, all his client wants, is to get back to where he was before the town took this illegal act under the ordinance. Now, what's wrong with that argument? What's wrong with that argument, I believe, is that if an entity believes that that is the case, and it has the opportunity to, after the decision has been made, okay, to take it off the list, and after there has been now a decision that it's been preempted, then why wouldn't they apply again? I believe there is an equitable argument to that. Yeah, but the point being, but he should never have been off the list in the first instance, so just get him back there because it was the town that erred by having the ordinance that was preempted. Well, without the ordinance in place when they were removed, what I believe the town did, and I think it's quite clear within the record here as well, is enforced issues of principles of equity by saying, here is an individual who is scamming the system, gaming the game, trying to use a whole lot of different factors and circumstances, that is placing himself through a single ownership in multiple positions, and that clearly is something that at that point, without having the rule in place anyway, could be considered, but for purposes of equity. So the action was taken pre-rule? Correct. Correct. Correct, it was. That's my bottom line position in that regard. And furthermore, since this is a discretionary determination, we have to examine whether or not the decision does not rest on error of law, clearly erroneous. I mean, there's a lot of factors that go into it. Discretion is very important. Fairness is important. Do I understand that at this time, Mr. Pistolese only operates one towing service with one truck in this town? At this point right now? Yes, that's what I'm asking. Yes, I'm not certain about that, Judge. I would not be able to comment on that. All right, well, assuming then there's a possibility that you've got two of them, is it the town's view that it could still deny a place on the towing list for one or both of them on the ground that there's single ownership of two companies, each one containing a separate dump truck? Well, at that point, with only one dump truck, two companies, sounds an awful lot like it gets very close to what's been preempted. I ask you if there were two companies with two trucks. You didn't know. So I'm positing there's still two companies and there's still two trucks, one owned by each company. Now, is it the town's view that that injunction prevents it from invoking the ad hoc rule adopted when action was thrown off the list that there was two trucks owned by two owners? Having been through the process of board meetings and having watched how the town is making its decisions, I would not be able to assure you. I'm asking a legal question. I'm asking whether denial on that basis would be barred by the injunction. Probably not. And Mr. Sussman points out that there's bad blood between Mr. Pistolesi and the people of the town. Basically, at least the town manager way back when, when I first looked at this, hated Mr. Pistolesi, correct? As we know, this case has been before this court with a tremendously amount of... Yes, I don't want to see it again. I don't want the town, based on hatred, to turn him down if he makes an application, and then it'll be back on the ground that the town is retaliating against him for invoking his right to petition the government. We'd see it for the third time, and the town of Wappingers Falls, unless it has a wonderful flow of taxation, is going to bankrupt itself over this litigation. A very practical approach, and I understand your concern. I will also say this right now, and Mr. Sussman and I have had this conversation before. There has been a tremendous amount of negotiation and an agreement that was reached between the parties that this will be resolved. However, we are now at a point where there are some questions. I don't want to hear about, I don't want to know about your negotiations. I'm just telling you that this is now the second time that this constitutional litigation has been here. I know Mr. Pistolesi makes a living doing this, and I don't deprecate the business of running tow trucks, but it looks like this thing is actually about a personal hatred of people, and that's just going to lead to expenditure on constitutional litigation that seems to me ridiculous. It sounds like it could be resolved, however. When? How soon? When? Actually, there was already an agreement the board met, and we had an agreement on paper with Mr. Sussman involved, and a board meeting approved it, and then suddenly thereafter there was a change of mind apparently on Mr. Sussman's part, and I don't want to see this go on either. I do not know what that status is. Thank you. Getting back to some of the legal issues I think that are important here, the court, just so we're clear, the district court here did not weigh the equities. Counsel got up and started talking about weighing the equities. Had it weighed the equities, then the discretion owed to a court in weighing equities might be one thing. Don't we assume that a court has exercised discretion when it grants or denies an injunction? No. Let me respectfully respond. The answer is no where the court takes the more categorical, formalistic position that the individual seeking the remedy doesn't have the right to the remedy, which is what happened here. So it's not fair to say that the court weighed the equities. He did not, respectfully. The problem here is very simple. It's really very simple. Where you have prospective injunctive relief, which simply, you're not talking about money damages, which as you advert to could be a whole other question here, which simply puts someone back where they would have been. And Your Honor raised a very important question. Did it happen before the formal law? It did, but that doesn't really affect anything. This is why. The fact that the formal law formalized something, which violated 49-12-501c1, so did the informal law. The informal practice or the exercise of power in this case was with respect to single ownership, not with respect to single premises. But what I'm saying to the court is that that implicates the same interest that the court found when it looked at the formal statute to be impermissible and the supremacy clause did disallowed. In other words, the same point would be made whether it was done formally or informally. If I disallowed you from engaging in interstate commerce based on this informal practice, it would have been equally impermissible. So I don't think that's a distinction with any meaning. Thank you. Thank you both. We'll reserve decision.